UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

BLOCKAPPS, INC.,

                    Petitioner,

         -v-

BLOCKSKYE, INC.,

                    Respondent.

21-CV-3598 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      BlockApps, Inc. ("BlockApps") brings a petition against Blockskye, Inc. ("Blockskye") under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an arbitration award ("the Award") rendered pursuant to a Statement of Work ("SOW") between the parties. Blockskye moves to dismiss the petition to confirm the Award. For the reasons that follow, BlockApps's petition is granted and Blockskye's motion is denied.

**I.    Background**

      BlockApps is a New York corporation with its principal place of business in New York. (Dkt. No. 1 ¶ 6.) Blockskye is a Delaware corporation with its principal place of business in Massachusetts. (Dkt. No. 1 ¶ 7.) BlockApps and Blockskye entered into a SOW in September 2019. Pursuant to the SOW, Blockskye agreed to pay BlockApps for license and software development work. (Dkt. No. 1-1.) The SOW contained a provision mandating arbitration of any disputes in New York City. (Dkt. No. 1 ¶ 2.)

      In July 2020, BlockApps brought the underlying arbitration to collect money it asserted that Blockskye owed it under the SOW. (Dkt. No. 1 ¶ 11.) Following a hearing and the parties' submission of memoranda, the Honorable Frank Maas ("the Arbitrator") issued an Award in April 2021 directing Blockskye to pay BlockApps $731,230.75 in damages. (Dkt. No. 1 ¶ 20.)

Three days after the Arbitrator issued the Award, BlockApps filed a petition to confirm the Award and subsequently moved to confirm the award.  (Dkt. Nos. 1, 11.)  Blockskye then moved to dismiss this petition.  (Dkt. No. 18.)

## II.     Discussion

Under the Federal Arbitration Act, 9 U.S.C. § 9, a court "must grant" a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in [the Act]."  9 U.S.C. § 9.  "[T]he showing required to avoid summary confirmation of an arbitration award is high."  *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. Onyx Glass & Metal Corp.*, No. 14 Civ. 7333, 2015 WL 5144120, at *3 (S.D.N.Y. Sept. 1, 2015) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).  A court may only deny a petition to confirm an arbitration award on a limited number of grounds, including "corruption, fraud, or undue means;" there existed "evident partiality or corruption in the arbitrators;" where the arbitrators engaged in specified misconduct; where the arbitrators "exceeded their powers;" or where the arbitrators evinced a "manifest disregard for the law."  9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

Blockskye moves to dismiss the petition to confirm the arbitration award, but it does not challenge the validity of the Award.  Blockskye instead argues that its obligation to pay damages to BlockApps under the Award is conditioned on BlockApps turning over certain deliverables to Blockskye.  Blockskye maintains that BlockApps has not yet fulfilled this obligation.  It is true that the Award, in addition to requiring Blockskye to pay BlockApps damages, requires BlockApps to turn over certain deliverables.  But these two obligations operate independently. (*See* Dkt. No. 1-2 at 23 ("BlockApps is directed to surrender to Blocksye any deliverables created under the first three SOWs that exist in unaltered form . . . .   BlockApps is awarded

damages against Blockskye in the amount of $731,230.75")).  In any event, as BlockApps rightly asserts, this argument is irrelevant.  The Award is not legally enforceable unless and until it is confirmed, and BlockApps seeks to have the Court confirm the *entire* Award.  The Court hereby does so, thus obligating each party to fulfill its respective obligations under the Award.

In addition to moving to confirm the Award, BlockApps asks the Court to award it costs and fees for bringing this petition.  The arbitration clause governing the parties' dispute states: "The prevailing party in the arbitration will be entitled to receive reimbursement of its reasonable expenses (including reasonable attorneys' fees, expert witness fees, and all other expenses) incurred in connection therewith."  (Dkt. No. 1-1 § 7.k.xi.)  The Arbitrator concluded that BlockApps was the "sole prevailing party" (Dkt. No. 1-2 at 21), and this Court interprets this clause to extend to the expenses of bringing this petition to confirm the Award.  Counsel for BlockApps reports that he spent an additional 9.8 hours of time preparing this petition, and that he advanced $493 to BlockApps for costs related to filing this petition.  (Dkt. No. 12 ¶¶ 14–15.)  The Arbitrator awarded counsel for BlockApps attorney's fees at an hourly rate of $500 for the underlying arbitration (Dkt. No. 1-2 at 23), an amount that this Court also determines is reasonable.  *See, e.g., Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493, 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) (collecting cases and approving partner rates ranging from $525 to $675).  Blockskye thus owes BlockApps an additional $4,900 in attorney's fees and $493 in costs.

### III.    Conclusion

For the foregoing reasons, the petition to confirm the Award is GRANTED, and the application for attorney's fees and costs is also GRANTED.  Blockskye's motion to dismiss the petition is DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 11 and 18, and to close the case.

SO ORDERED.

Dated: March 29, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge